## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MERVYN TILDEN,

      Plaintiff,

v.                                                              No. 1:24-cv-00804-SCY

ANTHONY ARCHIBEQUE,
SMITH'S #446, and
NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 12, 2024 ("Complaint"), and Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed

August 12, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.
> Thereafter, if the court finds that the allegations of poverty are untrue or that the
> action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and his spouse's combined average monthly income during the past 12 months is $1,200.00; (ii) Plaintiff and his spouse have $0.00 in cash and $38.89 in bank accounts; and (iii) Plaintiff and his spouse's combined monthly expenses total $1,069.00.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and because his and his spouse's combined monthly expenses are approximately equal to his and his spouse's low combined monthly income.

**Order to Show Cause**

The events giving rise to this case occurred during Plaintiff's employment by Defendant Smith's #446.  *See* Complaint at 2.  Defendant Archibeque is a manager at Smith's #446.  *See* Complaint at 1.  Plaintiff alleges Defendant Archibeque allowed other employees to harass Plaintiff thereby violating Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 and the Civil Rights Act of 1964, the Smith's Code of Conduct, the New Mexico Healthy Workplace Act, the International Human Rights Defense Act of 2023, and the Universal Declaration on Human

Rights.  *See* Complaint at 1-2.  New Mexico Department of Workforce Solutions allegedly gave

Plaintiff "faulty, erroneous and adverse written instructions."  Complaint at 2.  Plaintiff seeks

monetary damages.  *See* Complaint at 11.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendants

Archibeque and Smith's #446.  "The two elements of a Section 1983 claim are (1) deprivation of

a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake

City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  There are no factual allegations showing that

Defendants Archibeque and Smith's #446 were acting under color of state law.  *See Haines v.

Fisher,* 82 F.3d 1503, 1508 (10th Cir.1996) ("The traditional definition of acting under color of

state law requires that the defendant in a § 1983 action exercised power possessed by virtue of

state law and made possible only because the wrongdoer is clothed with the authority of state

law.") (quoting *West v. Atkins,* 487 U.S. 42, 49 (1988)).

It appears the Court does not have jurisdiction over Plaintiff's damages claims pursuant

to 42 U.S.C. § 1983 against Defendant New Mexico Department of Workforce Solutions.  "With

certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a

state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).   There are

"two primary circumstances in which a citizen may sue a state without offending Eleventh

Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or

a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181.

Neither exception applies in this case.  "First, the United States Supreme Court has previously

held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42

U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does

not allege in his complaint that the State of New Mexico waived its Eleventh Amendment

immunity in this case.  "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."  *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

The Complaint fails to state a claim pursuant to Title VII of the Civil Rights Act of 1964.[1] Title VII prohibits an employer from discriminating against any individual "because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  To state a hostile work environment claim, a plaintiff must allege:

> (1) he was discriminated against because of his [race, color, religion, sex, or national origin], and (2) the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of his employment.  An employer can be held liable if its employees create a hostile work environment and "it knew or should have know about the conduct but failed to stop it."

*Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021).  There are no factual allegations that Plaintiff was harassed because of his race, color, religion, sex, or national origin.

The Complaint fails to state claims pursuant to the Universal Declaration of Human Rights and the International Human Rights Defense Act of 2023 because they are not sources of law binding on the Court.  *See Chen v. Ashcroft*, 85 Fed.Appx. 700, 705 (10th Cir. 2004) ("the Universal Declaration of Human Rights is merely a resolution of the United Nations, and the American Declaration of the Rights and Duties of Man and American Declaration of Human Rights are simply multinational declarations; none is binding on the United States or on this court").  A bill for the International Human Rights Defense Act of 2023 was introduced on

---

[1] Plaintiff asserts claims pursuant to the Civil Rights Act of 1964 but does not identify which of the 12 Titles of the Civil Rights Act of 1964 under which he is asserting claims.  Because Plaintiff complains of harassment at his place of employment, the Court construes the complaint as asserting claims pursuant to Title VII which prohibits employers from discriminating against individuals based on their protected class.

March 28, 2023, but has not become law.  *See* https://www.congress.gov/bill/118th-congress/house-bill/1833 (H.R. 1833; S. 1007).

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the Civil Rights Act of 1964.  If Plaintiff asserts the Court should not dismiss the Section 1983 and Civil Rights Act of 1964 claims, Plaintiff must file an amended complaint.  The amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  *See, for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims .... in numbered paragraphs, each limited as far as practicable to a single set of circumstances").  For each claim Plaintiff asserts pursuant to federal law, the amended complaint "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."  *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court notifies Plaintiff that it does not have diversity jurisdiction over Plaintiff's state-law claims, such as those pursuant to "New Mexico Title 9 – Human Rights" and for state torts such as false imprisonment, because Plaintiff and Defendants Archibeque and New Mexico Workforce Solutions are citizens of New Mexico.  *See* 28 U.S.C. 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different states").  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  Symes v. Harris, 472 F.3d 754, 758 (10th Cir.2006).  "Complete diversity is lacking when any of the plaintiffs has the same

residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

If the Court dismisses Plaintiff's federal law claims, then the Court may dismiss Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 2, filed August 12, 2024, is **GRANTED.**

(ii)     Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court

should not dismiss this case; and (b) file an amended complaint.  Failure to timely

show cause or file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**